# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **RAY BLAND OLIVER** ) | |
| **AIS #146296,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CASE NO.** |
| ) | **5:19-CV-02104-MHH-HNJ** |
| ) | |
| **OFFICER COREY O. FOX,** ) | |
| ) | |
| Defendant. ) | |

## SPECIAL REPORT

COMES NOW the Defendant, Officer Corey O. Fox, through undersigned counsel, and in accordance with this Court's Order of January 23, 2020 (Doc. 7) hereby submits the following Special Report:

## PARTIES

1. Plaintiff, Ray Bland Oliver, is an inmate with the Alabama Department of Corrections ("ADOC"), who was incarcerated in the W.E. Donaldson Correctional Facility ("Donaldson") in Bessemer, Alabama at all times material hereto.

2. Defendant, Corey O. Fox ("Officer Fox"), is employed with ADOC as a Correctional Officer at Donaldson.

## INMATE OLIVER'S ALLEGATIONS

Plaintiff, inmate Oliver, claims that Officer Fox assaulted him in alleged violation of the Eighth and Fourteenth Amendments on the morning of September 4, 2019 at Donaldson. Inmate Oliver alleges that Officer Fox called him into the "ice" room and started beating him. (Doc. 1, p.5). Inmate Oliver claims that he was later found by Sgt. Edmonds unconscious on the west hall. (Doc. 1, p.5). Inmate Oliver alleges that he sustained a broken nose, damage to his eye "that he cannot use at this moment" and fractures to his facial area. (Doc. 1, p.5). Plaintiff is seeking from Officer Fox, who is the only Defendant, $1,000,000 in compensatory damages and $500,000 in punitive damages. (Doc 1). Inmate Oliver also requests that Officer Fox resign as an " 'unfit' Rogue cop for the D.O.C." (Doc. 1, p.5).

## DEFENDANT'S EXHIBITS

1. Exhibit A –   Prison Records;
2. Exhibit B –   Affidavit of Officer Corey Fox; and
3. Exhibit C –   Certified Medical Records

## STATEMENT OF FACTS

On September 4, 2019, at approximately 9:35 a.m.., Officer Fox was the only assigned South Unit rover. (Exhibit A – Prison Records, p.1; Exhibit B – Affidavit of Officer Corey Fox).  Officer Fox found Inmate Oliver in an unauthorized area

behind the kitchen and gave him several loud commands to return to his living area. (Ex. B). Inmate Oliver failed to obey several of Officer Fox's direct orders to return to his assigned living area. As Officer Fox approached inmate Oliver to escort him through the gate, inmate Oliver struck Officer Fox leading to a physical altercation. (Ex. A, p. 1). Officer Fox delivered several strikes to inmate Oliver then performed a two on one takedown of inmate Oliver. (Ex. A, p. 1). After gaining control of inmate Oliver, Officer Fox notified Sgt. Akeem Edmonds and advised him to report to the South Unit. (Ex. B). At approximately 9:39 a.m., Sgt. Edmonds entered the South Unit and escorted inmate Oliver to the Health Care Unit ("HCU") for a medical examination and treatment. (Ex. A, p. 1). Inmate Oliver was examined and treated by Registered Nurse Amber Hicks. (Ex. A, Body Chart). Nurse Hicks notated on the Mental Health Referral Form that inmate Oliver was intoxicated. (Ex. A, p. 6). Sgt. Edmonds was advised by medical staff that inmate Oliver's injuries required medical attention from the local hospital. (Ex. A, p. 1). At approximately 11:10 a.m., Officers Sanders and Randall escorted inmate Oliver by van to the UAB Medical Center emergency room. (Ex. A, p. 1). Officer Fox sustained minor injuries to his right hand that required offsite medical treatment. (Ex. A, p. 1). At approximately 4:45 p.m., Officer Sanders notified Lt. Watts that inmate Oliver was being admitted to the hospital for 23-hour observation. (Ex. A, p. 1).

## **LEGAL ARGUMENT**

## **Eighth Amendment: Excessive Force**

In <u>Hudson v. McMillian</u> and <u>Whitley v. Albers</u>, the U.S. Supreme Court set the standards under which an Eighth Amendment excessive force claim must be analyzed. To succeed in proving correctional officers' use of force was unconstitutional, a plaintiff must show: (1) that subjectively, the defendants acted maliciously or sadistically to cause harm to the plaintiff; and (2) the plaintiff suffered injury that was objectively harmful enough to establish a constitutional violation. <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992). In making this determination, the Court considers the following five factors: (1) the extent of the injury suffered; (2) the need for application of force; (3) the relation between the need for force and the amount of force actually used; (4) the threat reasonably perceived; and (5) any efforts to temper the severity of a forceful response. <u>Whitley v. Albers</u>, 475 U.S. 312, 321 (1986). Applying these factors to the above referenced facts and documented injuries, inmate Oliver cannot meet the objective component.

## **Subjective Component**

To establish that correctional officers acted with a sufficiently culpable state of mind, a plaintiff must show that force was applied "maliciously and sadistically to cause harm," amounting to an "unnecessary and wanton infliction of pain." <u>Whitley v. Albers</u>, 475 U.S. 312, 320 (1986). On the other hand, if "force was

applied in a good faith effort to maintain or restore discipline," as it was here, then the officers acted correctly and there was no constitutional violation. Hudson v. McMillian, 503 U.S. 1 (1992).

Inmate Oliver cannot show that, subjectively, Officer Fox acted maliciously or sadistically to cause him harm. To begin with, records reflect that on September 4, 2019, inmate Oliver initiated the altercation by striking Officer Fox. (See Ex. A, p.1). Moreover, given inmate Oliver's aggressive behavior and since any alleged force was "applied in a good faith effort to maintain or restore discipline," Officer Fox acted correctly and there is no constitutional violation. Hudson v. McMillian, 503 U.S. 1 (1992). Thus, inmate Oliver's excessive force claim is without merit.

## Sovereign Immunity and Eleventh Amendment Immunity

To the extent inmate Oliver has named Officer Fox as a Defendant in his official capacity, Officer Fox is absolutely immune from suit for damages. Walker-El v. Naphcare Med. Servs., Inc., 432 F.Supp.2d 1264, 1268 (S.D. Ala. 2006) citing Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1277 (11th Cir. 1998). The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment therefore not only bars suits against a state by citizens of another state, but it also bars suits against

a state by that state's own citizenry. See Edelman v. Jordan, 415 U.S. at 663, 94 S. Ct. at 1347 and Hans v. Louisiana, 134 U.S. 1, 13-15, 10 S. Ct. 504 (1890). The Eleventh Amendment also prohibits suit against state officials and employees where the state is the real, substantial party in interest. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 101-02, 104 S. Ct. 900, 908-09, 79 L.Ed.2d 67 (1984). "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit." Summit Medical Associates, P.C. v. Pryor, 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is in reality a suit against the State. Thus, the Defendant, Officer Fox, is absolutely immune from damages liability and the claims against him in his official capacity are due to be dismissed.

## Qualified Immunity and State-Agent Immunity

Officer Fox, in his individual capacity, is also immune from suit by virtue of qualified immunity and state-agent immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998), quoting Lassiter v. Alabama A & M Univ. Bd. of Trustees, 28 F.3d 1146, 1149 (11th

Cir. 1994) (en banc).  As explained *infra,* Officer Fox's acts or omissions have not violated any established constitutional or statutory rights.  Further, his alleged acts or omissions consist of discretionary functions, and because his actions do not violate any clearly established constitutional or statutory rights, he is protected by qualified immunity.  Pinkney v. Davis, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity).  The Eleventh Circuit has also held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'"  Wilson, 163 F.3d at 1295. In addition, Officer Fox is entitled to state agent immunity to the extent inmate Oliver may have alleged any state law causes of action.  See Adams v Franklin, 111 F. Supp.2d 1255(M.D. Ala. 2000); Davis v Purcell, 2014 WL 988596 (N.D. Ala).

**CONCLUSION**

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986). This case is ripe for summary judgment because there is no genuine issue of material fact as to the Plaintiff, inmate Oliver's claims. Therefore, the Defendant, Officer Corey Fox, is entitled to judgment as a matter of law and inmate Oliver's claims are due to be dismissed.

7

Respectfully submitted,

STEVE MARSHALL
ATTORNEY GENERAL

*/s/ Neva C. Conway*
Neva C. Conway
Assistant Attorney General
Attorney for Defendant

ADDRESS OF COUNSEL:

Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130
(334) 242-7300
Neva.Conway@AlabamaAG.gov

## CERTIFICATE OF SERVICE

I hereby certify that I have on this March 23, 2020, electronically filed the foregoing Special Report with the Clerk of Court using the CM/ECF system. I further certify that I have mailed a copy of the foregoing to the following non-CM/ECF participants:

Ray Bland Oliver
AIS #146296
St. Clair Correctional Facility
1000 St Clair Road
Springville, Alabama 35146-9790

*/s/ Neva C. Conway*
OF COUNSEL